UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE BLESSETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-164 |
| | § | |
| TEXAS OFFICE OF THE ATTORNEY | § | |
| GENERAL GALVESTON COUNTY | § | |
| CHILD SUPPORT ENFORCEMENT | § | |
| DIVISION, | § | |
| | § | |
| Defendant. | § | |

## **Memorandum Opinion and Order**

Before the Court is the Motion to Dismiss filed by Defendant Office of Attorney General of Texas, Child Support Division ("Defendant"). Dkt. 21. After considering the law, the evidence, and the record of this case as a whole, the Court **GRANTS** Defendant's motion to dismiss.

### Background

On July 23, 1999, a Galveston County court entered a Final Decree of Divorce, which granted divorce between Plaintiff Joseph Blessett ("Blessett") and Beverly Garcia ("Garcia").[1] The decree also established Blessett's paternity over a child born during the marriage and ordered him to pay Garcia child support payments of $800 each month. On July 13, 2015, the state court entered an Order Confirming Support Arrearage with a judgment for child support arrears in the amount of $131,923.14.[2] Blessett subsequently

---

[1] Dkt. 21-1. All matters in the state court case have been filed under Cause No. 98-FD-0817.
[2] Dkt. 21-2.

filed a "Notice of Disestablishment of Paternity [and] Demand for Dismissal Pursuant to Sec. 466 42. U.S.C. § 666 5(D)(iii) Fraud and Duress" before the same state court on April 26, 2017.[3] The court denied Blessett's request.[4] On May 19, 2017, Blessett filed this present action against Defendant. Blessett's complaint is identical to the request he previously filed in state court. The state court entered an order granting final summary judgment in the case on June 30, 2017.

In the pending motion, Defendant asserts Blessett's complaint should be dismissed under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant argues the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. In response, Blessett does not address Defendant's arguments regarding subject-matter jurisdiction. For the reasons stated below, the Court finds that Defendant's motion to dismiss should be granted.

## Analysis

Under the *Rooker-Feldman* doctrine, federal district courts "do not have power to modify or reverse state court judgements' except when authorized by Congress." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)). The doctrine consists of four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank*

---

[3] Dkt. 21-3.
[4] Dkt. 21-4.

*Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citing *Exxon-Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

The Court finds that it lacks subject-matter jurisdiction in this case as all four elements of *Rooker-Feldman* are clearly met. In the July 23, 1999 Final Decree of Divorce, the state court declared Blessett the father of the child born during his marriage to Garcia and ordered him to pay child support of $800 each month. On July 13, 2015, the state court confirmed support arrearage and entered a judgment in the amount of $131,923.14 against Blessett. On May 19, 2017, Blessett filed this present action seeking the disestablishment of paternity and termination of child support payments. The relevant dates show the state-court judgments were rendered before proceedings began in this Court. Blessett's complaint requests that the Court nullify the state court divorce decree and child support judgment by directly attacking the validity of the state court judgments.

*Rooker-Feldman* applies after court proceedings have "ended." *Exxon-Mobil*, 544 U.S. at 291. Blessett failed to timely appeal any of the state court's orders and judgments. Whether state court proceedings "ended" on July 23, 1999, when the court issued the Final Decree of Divorce, or on July 13, 2015, when the court entered the Order Confirming Support Arrearage, or on June 30, 2017, when it granted final summary judgment against the Plaintiff, Blessett's state court case has "ended" as he does not have any opportunity for state appeals. Thus, *Rooker-Feldman* properly serves as a basis requiring the dismissal of this case. *Powers v. Tex. Prop. & Cas. Ins. Guar. Assoc.*, 2010 WL 276164, at *1 n.3 (S.D. Tex. Jan. 19, 2010) (Rosenthal, J.).

The Court notes that *Rooker-Feldman* does not prohibit a plaintiff from "present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which [the plaintiff] was a party." *Truong*, 717 F.3d at 382 (quoting *Exxon Mobil*, 544 U.S. at 293). However, the doctrine applies in this case because Blessett "seeks relief that directly attacks the validity of an existing state court judgment." *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011). His complaint does not present an independent claim that falls outside the scope of the doctrine. Blessett cannot circumvent *Rooker-Feldman* by "casting ... a complaint in the form of a civil rights action." *Houston v. Venneta Queen*, 606 Fed.Appx. 725, 730 (5th Cir. 2015) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and this case is **DISMISSED**. As the Court lacks subject-matter jurisdiction, it need not address Defendant's arguments in its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Signed at Galveston, Texas, this February 12, 2018.

_____
George C. Hanks, Jr.
United States District Judge