UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE BLESSETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-00164 |
| | § | |
| TEXAS OFFICE OF THE ATTORNEY GENERAL GALVESTON COUNTY CHILD SUPPORT ENFORCEMENT DIVISION, | § § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Office of the Attorney General Texas Child Support Division's (the "OAG") Motion to Dismiss. Dkt. 79. After reviewing the motion, the response, the reply, and the applicable law, the Court **GRANTS** the motion.

### Factual Background and Prior Proceedings

On July 23, 1999, a Galveston County court entered a Final Decree of Divorce between the Plaintiff, Joe Blessett ("Blessett"), and Beverly Garcia ("Garcia"). Dkt. 21-1. The court also established Blessett's paternity over a child born during the marriage and ordered him to pay child support payments of $800 each month. *Id*. After Blessett consistently defaulted on this child support obligation for sixteen years, the county court entered an order in favor of Garcia confirming child support arrearage in the amount of $131,923.14. Dkt. 21-2.

Almost two years later, Blessett attempted to challenge the child support order by filing a "Notice of Disestablishment of Paternity [and] Demand for Dismissal Pursuant to

Sec. 466 42. U.S.C. § 666 5(D)(iii) Fraud and Duress" with the same county court. Dkt. 21-3. After review, the county court denied Blessett's "[d]emand for [d]ismissal" of the child support order. Dkt. 21-4. In response, Blessett filed the exact same "[d]emand for [d]ismissal" as his complaint in this case against the OAG and the "lead attorney" for the OAG in her official capacity, Diana M. Morton ("Morton").[1] *See* Dkt. 1 (for the complaint in this case); *c.f.* Dkt. 21-3 (for the "[d]emand for [d]ismissal" filed in state court). On February 12, 2018, this Court dismissed Blessett's complaint under the *Rooker-Feldman* doctrine, because the Court lacked subject matter jurisdiction to collaterally review a state court Judgment. Dkt. 60.

On appeal, the Fifth Circuit affirmed the Court's judgment in part and vacated it in part. Although the Fifth Circuit agreed that the Court had properly dismissed Blessett's attempts to collaterally attack the state court divorce decree and child support order, it found that Blessett's pleadings asserted additional, independent, claims in the attempted enforcement and collection of the child support order.[2] Theses claims, the Fifth Circuit held, were within the Court's subject matter jurisdiction. Dkt. 73. Accordingly, the case was remanded to this Court to adjudicate Blesset's claims concerning fraud in the attempted enforcement and collection of the state child support judgments. *Id*. All other

---

[1] *See* Dkt. 4 (Diana M. Morton was individually served with process in this suit as the "lead attorney" for the OAG); *see also Garden State Elec. Inspection Servs., Inc. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005) (To determine whether a Plaintiff intended to sue a party in their official, as opposed to individual, capacity the Courts must look to the "course of proceedings." Evidence that (1) the complaint listed the state as well as the individual employee as a defendant, and (2) that the employee never asserted the defense of qualified immunity favors a finding that the employee was sued in their official capacity. Both of these factors were satisfied in this case, therefore the Court finds that Morton was sued in her official capacity.).

[2] Dkt. 73 at 2-3 (Specifically, the Fifth Circuit held that Blessett had plead claims that "[the OAG] and its 'contractors' engaged in fraud and violated [Blessett's] constitutional rights in their efforts to enforce and collect the state child support judgments," which were not foreclosed by the *Rooker-Feldman* doctrine.).

claims, including those concerning the deprivation of due process in state court, were dismissed from this case. *Id*. at 2 ("Moreover, it is of no help to Blessett that he claims he failed to receive notice of any hearing in relation to the child support arrearage judgment of July 13, 2015, as constitutional questions arising in state proceedings are to be resolved by the state courts.").

In light of the Fifth Circuit's order, the Court allowed Blessett an opportunity to amend his complaint. Dkt. 75. The OAG now moves to dismiss Blessett's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 79. For the reasons stated below, the Court finds that Blessett's federal law claims must be dismissed on 12(b)(1) grounds. *See Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Ordinarily, where both these grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed.R.Civ.P. 12(b)(1), without reaching the question of failure to state a claim under Fed.R.Civ.P. 12(b)(6)."). The Court declines to exercise supplemental jurisdiction as to Blessett's remaining state law claims. Accordingly, this case is dismissed in its entirety.

**Standard of Review**

"[F]ederal courts are courts of limited jurisdiction." *Hashemite Kingdom of Jordan v. Layale Enters. (In re B-727 Aircraft)*, 272 F.3d 264, 269 (5th Cir. 2001). Thus, a federal district court is required to presume that it does not have the jurisdiction to rule on a matter until "the party asserting jurisdiction" can prove otherwise. *Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (internal quotation marks omitted). To make its case, the party asserting jurisdiction may direct the Court to look at "(1) the

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a court cannot dismiss a claim for lack of subject matter jurisdiction unless "it appears certain that [a party] cannot prove any set of facts" in support of its assertion that jurisdiction is appropriate in federal court. *Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, P.C.*, 354 F.3d 348, 351 (5th Cir. 2003).

## Analysis

Construing Blessett's amended complaint liberally, Blessett asserts causes of action against the OAG and Morton for fraud,[3] intentional misrepresentation,[4] and the deprivation of constitutional rights under color of state law pursuant to 42 U.S.C. § 1983.[5] *See Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (District courts are to construe a Plaintiff's complaint liberally). However, the Eleventh Amendment's grant of sovereign immunity bars Blessett from asserting his § 1983 claim against either the OAG or Morton. Obligated to dismiss Blessett's only federal claim against non-diverse defendants, the Court declines to exercise supplemental jurisdiction over Blessett's remaining state law claims. *De Sanchez v. Banco Cent. de Nicaragua*, 770 F.2d 1385, 1389 (5th Cir. 1985) ("If sovereign immunity exists, then the court

---

[3] *See* Dkt. 75 at 6 (Count one: "Fraud by the omission of federal statutes and Texas family codes"); *see also id*. at 13 (The OAG and its contractors committed "fraud against the Plaintiff every time they applied enforcement and collection for child support order under Title IV-D.")

[4] *See id*. at 31 (The OAG and its contractors "20-year period of repeated efforts to force Mr. Blessett in the Title IV-D program by *coercion, deception, and concealment* interferes with his legal rights to enjoy his Final Divorce Decree.") (Italics added).

[5] *See id*. at 13 (The OAG and its contractors "deprived the Plaintiff's protected civil rights in the application of penalties that are not expressly granted within the Final divorce decree granted on July 23, 1999.").

lacks…subject matter jurisdiction to hear the case and must enter an order of dismissal."); *see also* 28 U.S.C. § 1367(c) (A district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction.").

### A. Eleventh Amendment Grant of Sovereign Immunity

The Supreme Court has held the Eleventh Amendment provides "an unconsenting State [with immunity] from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see* U.S. Const. amend. XI. "There are only two exceptions to this long-standing rule." *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003), *aff'd*, 403 F.3d 272 (5th Cir. 2005). The first, is if Congress abrogates a state's sovereign immunity to suit pursuant to its "power [under § 5] of the Fourteenth Amendment." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). And the second, is if a state decides to "waive its sovereign immunity by consenting to suit." *Id*. Absent the presence of either of these two circumstances, a plaintiff cannot sue a state—or any of its agencies—in federal court. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 100 ("[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *see also Sw. Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937-38 (5th Cir. 2001) ("[T]he Eleventh Amendment bar to suit in federal courts" applies to state agencies that act as an "arm of the state.").

Comprehensive in nature, Eleventh Amendment protection also extends to individual state employees who are sued in their official capacity. *See Will v. Mich. Dep't*

*of State Police*, 491 U.S. 58, 70-71 (1989). This is because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id*. "As such, it is no different from a suit against the State itself."[6] *Id*. Accordingly, the same sovereign immunity protections apply to state employees acting in their official capacity as the state itself—"particularly when [not having] such a rule would allow [a plaintiff] to circumvent congressional intent by a mere pleading device." *Id*.

### B. The OAG and Morton Enjoy Sovereign Immunity from this Suit

In Texas, the OAG is the agency designated by the state to "to enforce child support orders and collect and distribute support payments." *Office of the AG v. Scholer*, 403 S.W.3d 859, 861-62 (Tex. 2013) ("Title IV, Part D, of the Social Security Act requires each state to designate an agency to enforce child support orders."). "And it is clear that [the] OAG's [various] child support division[s are] merely [] department[s] within that agency." *Baker v. Child Support Div.*, No. 3:18-cv-341-C-BN, 2018 U.S. Dist. LEXIS 172600, at *14 (N.D. Tex. Sept. 18, 2018); *see also Jeter v. Child Support Div.*, No. 3:18-CV-273-L-BH, 2018 U.S. Dist. LEXIS 201309, at *8 n.4 (N.D. Tex. Nov. 5, 2018) (for the same holding). Therefore, the OAG, its various child support divisions, and its official employees, maintain Eleventh Amendment immunity from suit. *Id*.

---

[6] In *Ex Parte Young*, the Supreme Court acknowledged a narrow exception to the general rule granting sovereign immunity to state employees who have been sued in their official capacity, however that exception does not apply here because Blessett does not argue that Texas' child support laws are unconstitutional nor does he request prospective relief. *See Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) ("The Eleventh Amendment bars suits by private citizens against a state in federal court, irrespective of the nature of the relief requested. A plaintiff may not avoid this bar simply by naming an individual state officer as a party in lieu of the State. Yet, few rules are without exceptions, and the exception to this rule allows suits against state officials for the purpose of enjoining the enforcement of an unconstitutional state statute.") (internal citations omitted).

(holding the same); *see also Hall v. Tex. Comm'n on Law Enf't*, 685 F. App'x 337, 340 (5th Cir. 2017) (state agencies and their departments are "entitled to sovereign immunity to the same extent as the state itself.").

Here, none of the exceptions apply, which would allow Blessett to overcome this grant of sovereign immunity and sue the OAG or Morton in her official capacity for violating § 1983. "Texas has not consented to suit [under § 1983]." *Aguilar v. Tex. Dep't of Criminal Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Nor has Congress abrogated Texas' "Eleventh Amendment immunity" under "section 1983." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Therefore, Blessett's § 1983 claims against the OAG and Morton are barred and must be dismissed.

**C. Remand**

Having dismissed Blessett's § 1983 claim, the only claims that remain before the court are Blessett's Texas state law claims for fraud and intentional misrepresentation. Dkt. 75. In adherence to the "general rule," the Court declines to exercise supplemental jurisdiction over these remaining state-law claims since all federal-law claims have been eliminated. *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.") (internal quotations omitted).

## Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss (Dkt. 79) is **GRANTED** and all claims asserted by Blessett in this matter are **DISMISSED WITHOUT PREJUDICE**. All pending motions are hereby **DENIED AS MOOT**.

This is a **FINAL JUDGMENT**.

SIGNED at Galveston, Texas, this 27th day of August, 2019.

_____
George C. Hanks Jr.
United States District Judge